IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                             **Case No. 97-40082-01-RDR**

TYRONE LUVOID HUTCHERSON,

           Defendant.

## MEMORANDUM AND ORDER

Defendant was indicted on six counts for violations of federal law on October 23, 1997. Defendant pleaded guilty to two counts on April 17, 1998. These counts alleged possession with intent to distribute methamphetamine and carrying a firearm during an in relation to a drug trafficking crime. Defendant was sentenced to a term of 78 months on the drug count and a consecutive 60-month term on the firearm count on August 28, 1998. The judgment of conviction and sentence was filed September 3, 1998. No direct appeal was taken. On April 26, 1999 defendant filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255. The motion was dismissed or denied on July 6, 1999. No appeal was taken. On August 14, 2000, defendant filed a motion for correction of sentence. This motion was treated as a second motion to vacate under § 2255 and transferred to the Tenth Circuit on September 29, 2000.

This case is now before the court upon defendant's motion

to dismiss indictment for lack of subject matter jurisdiction pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  This motion was filed July 25, 2005.

Rule 60(b)(4) provides that the court may relieve a party from a final judgment if the "judgment is void."  Defendant contends the judgment in this case is void for lack of subject matter jurisdiction because the essential elements of a violation of 18 U.S.C. § 2 were not pleaded in the indictment or found by the grand jury.

The court shall deny defendant's motion for the following reasons.  First, if defendant is directly attacking the criminal judgment in this case, defendant may not proceed by filing a motion under the rule for granting relief from civil judgments.  Second, if defendant is attacking the denial of defendant's previous motion under § 2255, the motion must fail because defendant does not assert any arguments pertinent to the previous § 2255 motion.  Third, in either event, Rule 60(b)(4) motions must be made "within a reasonable time" and that has not been done in this instance.  Fourth, an attack upon the criminal judgment is better considered as a § 2255 motion and, because defendant has previously filed such a motion, he needs to gain the authorization of the Tenth Circuit Court of Appeals to file a second or successive motion.  Finally, the court would note

the comments in U.S. v. Daniels, 95 F.Supp.2d 1160, 1168 (D.Kan. 2000):

> Section 2 simply abolishes the distinction between principal and accessory.  One charged as a principal can be convicted on evidence merely showing he acted as an accessory.  United States v. Walker, 621 F.2d 163, 166 (5th Cir. 1980).  A defendant can be found guilty under Section 2 even if no reference to the defendant's role as an aider and abettor is found in the indictment.  United States v. Salazar, 983 F.2d 778, 781 (7th Cir. 1993); United States v. Bommarito, 524 F.2d 140, 145 (2d Cir. 1975).  Although it is not necessary to include Section 2 in the indictment, it is not improper to include Section 2 in the indictment to place defendant on notice that he will [be] subject to it.

These statements rebut the substance of defendant's claims in the instant motion to dismiss the indictment.

In conclusion, the court shall deny defendant's motion to dismiss the indictment for lack of subject matter jurisdiction pursuant to Rule 60(b)(4).  If defendant wishes to have the substance of his arguments considered as a motion for relief under 28 U.S.C. § 2255, he must gain authorization from the Tenth Circuit Court of Appeals to file such a motion.

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2005 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge