IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TYRONE LUVOID HUTCHERSON,

    Defendant.

Case No. 5:97-CR-40082-HLT-1

## MEMORANDUM AND ORDER

In the late nineties, Defendant pleaded guilty to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c). Doc. 47 at 1. Defendant now moves the Court pro se[1] to correct this sentence, arguing that an unnamed 2018 United States Supreme Court case "ruled [the] 924(c) sentence[] unconstitutional" for two reasons. Doc. 74. Because this motion is Defendant's second habeas petition and the circuit court has not certified it (and because the motion is otherwise meritless), the Court finds it lacks jurisdiction and dismisses the motion.

### I. BACKGROUND

In 1998, Defendant pleaded guilty to two counts in a six-count Indictment: (1) possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and (2) use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c). Doc. 47 at 1. The United States District Court for the District of Kanas sentenced Defendant to a controlling term of imprisonment of 138 months. *Id.* at 2.

---

[1] Because Defendant is pro se, the Court liberally construes his motion. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court may not become an advocate for him. *Id.* The Court will not supply additional factual allegations to round out his claims or construct a legal theory on his behalf. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Within a year, Defendant filed a motion pursuant to 28 U.S.C. § 2255 arguing that his convictions must be vacated on grounds that he (1) never carried a firearm, (2) he was being subjected to cruel and unusual punishment, and (3) that he was improperly denied jail credit. Doc. 55 at 1-2. The Court denied the motion,[2] and Defendant did not appeal. *Id.* at 4.

After completing his sentence in 2008 and being released, Defendant was convicted in Texas for two counts of bank robbery. *United States v. Hutcherson et al.*, Case No. 2:08-cr-00044-D, N.D. Tx., Doc. 123 at 1. He was sentenced in January 2010 to 240 months' imprisonment. *Id.* at 2.

Over nine years later, on May 16, 2019, Defendant filed the instant single-page motion and asks the Court to correct his Kansas sentence. He argues:

> In 2018 the United States Supreme Court ruled [18 U.S.C.] 924(c) sentenced unconstitutional based on wording within the guidelines and the stacking of the sentences.

Doc. 74 at 1. Based on this argument, he requests that "the sentencing court to correct the record that remains standing to eliminate further unjust from enhancements in this future" and further requests "the court award the served 60 months toward his post release suspension of 36 months on said sentence a correction of this request would uphold justice in its fairness." *Id.*

## II. ANALYSIS

The Government opposes Defendant's motion and argues that the Court lacks jurisdiction and that the motion is otherwise meritless. The Court agrees with the Government on both points.

---

[2] The Honorable Richard D. Rogers issued the order denying the motion. The case was reassigned to the undersigned when Defendant filed this motion.

### A. Defendant fails to state a prime facie case for modifying his sentence under 28 U.S.C. § 2255.

A district court does not have unfettered authority to modify a criminal sentence. Rather, "a district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Price,* 438 F.3d 1005, 1007 (10th Cir. 2006) (alteration in original). Defendant does not identify a statutory basis for relief. But, mindful of his pro se status, the Court construes his motion as one pursuant to 28 U.S.C. § 2255. *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) ("A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." (quoting *United States v. Nelson,* 465 F.3d 1145, 1148 (10th Cir. 2006))).

As noted above, Defendant already filed a habeas petition in this case in 1999. Because the instant motion is Defendant's second habeas petition under § 2255, the United States Court of Appeals for the Tenth Circuit must first certify that Defendant's motion contains "a prima facie showing," 28 U.S.C. § 2244(b)(3)(C), of newly discovered exculpatory evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Defendant has not obtained this certification from the Tenth Circuit.

Accordingly, the Court can either dismiss the action for lack of jurisdiction or, "if it is in the interest of justice," transfer the action to the Tenth Circuit. *In re Cline*, 531 F.3d at 1251 (quoting 28 U.S.C. § 1631). When analyzing whether a transfer is in the interests of justice, district courts consider the following factors:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the court of appeals] for authorization." *Id.* at 1252.

Here, Defendant invokes an unnamed 2018 United States Supreme Court cases that allegedly holds that a sentence under 18 U.S.C. § 924(c) is unconstitutional based on "wording within the guideline and stacking of sentences." The Court has not discovered a 2018 Supreme Court case holding that a sentence under § 924(c) is unconstitutional for these reasons.[3] The Court notes that Congress amended § 924(c) in 2018 to preclude multiple sentence enhancements in a case (i.e. stacking), but the amendment does not apply retroactively to sentences already imposed. Pub. L. 115-391, Title IV, § 403(a), 132 Stat. 5221 (2018). Regardless, Defendant was sentenced for only a single count of violating § 924(c). There was no stacking in the manner now precluded by the § 924(c) amendment. Therefore, Defendant does not raise a meritorious successive claim and transfer is not warranted. For these reasons, the Court construes Defendant's motion as a § 2255 motion and dismisses it for lack of jurisdiction.

---

[3] In resolving this motion, the Court considered two recent cases even though these cases did not issue in 2018. In *Dean v. United States*, 137 S. Ct. 1170 (2017), the Supreme Court held that sentencing courts can consider a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offenses. *Id.* at 1178. *Dean* did not find § 924(c) unconstitutional, and its holding does not apply to Defendant's argument. In *United States v. Davis*, 139 S. Ct. 2319 (2019), a case decided after Defendant filed this motion, the Court held that § 924(c)'s definition of a "crime of violence" is unconstitutionally vague. Here, Defendant pleaded guilty to use of a firearm during and in relation to a drug trafficking offense. Therefore, *Davis* is inapplicable.

### B. Defendant fails to state a claim for relief under any other statutory basis for modifying his sentence.

Although the motion appears to be a § 2255 motion, the Court is mindful of Defendant's pro se status and considers whether any other statutory basis provides a mechanism for relief. "When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (alterations in original) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)). This statute allows a court to modify an imposed sentence in three situations: (1) "upon motion of the Director of the Bureau of Prisons," (2) to the extent allowed under Federal Rule of Criminal Procedure 35, and (3) and after the defendant's sentencing range has been lowered by the United States Sentencing Commission. None of these situations exist in this case. The Court also considers Federal Rule of Criminal Procedure 36. But this rule is limited to correcting a "clerical error" or an "error in the record." Accordingly, there is not a statutory mechanism that provides for Defendant's requested relief.

### C. A certificate of appealability is unmerited.

Rule 11 of the Rules Governing § 2255 proceedings directs the Court to issue or deny a certificate of appealability upon issuing a final adverse order. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The Court finds that Defendant has neither shown reasonable jurists could debate the issues nor that the issues merit further proceedings. Because

Defendant has not made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability.

## III. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's petition to correct his sentence (Doc. 74) is DISMISSED. The Court denies a certificate of appealability.

IT IS SO ORDERED.

Dated: August 23, 2019                     /s/  *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE